United States District Court
Southern District of Texas
**ENTERED**
August 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MILAGROS GARCIA AND GISELLE AVILA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:25-cv-3676** |
| | § | |
| **BAYPORT LABORATORIES, LLC, et al.,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiffs Milagros Garcia and Giselle Avila's claims against Defendants Bayport Laboratories and Yaumara Camacho. The Court set an in-person evidentiary hearing on August 26, 2026 to hear arguments on Defendants' Motion for Contempt. ECF No. 71; Minute Entry, August 26, 2026. However, after several heated exchanges between Plaintiffs and Defendants over email and via ECF, Plaintiffs chose not to attend the hearing. *See* ECF No. 198. Plaintiffs' refusal to comply with Court orders and attend mandatory hearings constitutes egregious behavior and abuse of the judicial system. *See Thompson v. United States of America*, 2:25-cv-00277, 2025 WL 3960918, at *1 (dismissing with prejudice because *pro se* litigants have "'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'") (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). For the reasons that follow, Plaintiffs' Complaint is hereby **DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS.**

## I. BACKGROUND

The following facts are not disputed. This case arises out of whistleblower retaliation and harassment claims brought by Plaintiffs Milagros Garcia and her adult daughter, Giselle Avila. *See* ECF No. 1. Defendants Bayport Laboratories, LLC and Yaumara Camacho filed several counterclaims for civil conspiracy, breach of contract, tortious interference with contracts, violations of the Texas Uniform Trade Secrets Act ("TUTSA"), civil harassment, and intentional infliction of emotional distress. *See* ECF No. 6.

Parties have actively litigated this case for the past year, both in- and outside the courtroom. After Defendants alleged that Milagros Garcia shared information violative of a Non-Disclosure Agreement ("NDA"), the Court enjoined her from publicly disparaging Bayport Laboratories either personally or through publication by her daughter. *See* ECF No. 54 at 4. Shortly thereafter, Defendants filed a Motion for Contempt for Plaintiffs' Violations of the Preliminary Injunction, alleging that Plaintiffs continued to disparage Bayport Laboratories. *See* ECF No. 71. Both Ms. Garcia and Ms. Avila deny violating the preliminary injunction. *E.g.*, ECF No. 80.

The Court held its first hearing on this matter on August 3, 2026, via telephone. There, the Court determined that a full evidentiary hearing was required to assess properly the merits of Parties' arguments and reset the Motion for an in-person hearing to take place on August 26, 2026. Parties received notice of the new hearing date at the telephonic hearing, and later through the minute entry entered on August 3, 2026. *See* Minute Entry of August 3, 2026. The Court provided several clarifications, over email and via ECF, which explained, *inter alia*, when and where the hearing would take place, the scope of the hearing, and what types of evidence Parties could provide. *E.g.*, ECF No. 175. As recently as August 25, 2026, Plaintiff Garcia filed a Notice indicating that she was aware of, planning for, and intended to attend the August 26 hearing in-

person. *See* ECF No. 192 at 7 ("Plaintiffs respectfully request that the Court . . . proceed with the hearing as scheduled on August 26, 2026.").

However, immediately after filing the above Notice, both Plaintiffs filed three separate Motions requesting that the Court conduct the hearing virtually. *See* ECF No. 193; ECF No. 194; ECF No. 195. The Court denied these Motions, electing to maintain scheduled proceedings in-person. ECF No. 196 at 1. The Court's Order stated that "Parties have had notice of this hearing for three weeks and are expected to appear in-person." *Id.*

Nevertheless, both Plaintiffs indicated that they would not attend the hearing in-person. *See* ECF No. 198. The Court held a cursory hearing without participation by Plaintiffs, but declined to rule on Defendants' Motion for Contempt *ex parte*. *See* Minute Entry, August 26, 2026.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss a plaintiff's claims if she "fails to prosecute or to comply with these rules or a court order." *See* FED. R. CIV. P. 41(b). Dismissal for failure to prosecute or failure to comply with a court order is an extreme remedy, as courts generally prefer parties to litigate a case on the merits. Nevertheless, the Court retains discretion to dismiss a case for failure to prosecute in "the most egregious of cases, where there is a clear record of delay or contumacious conduct by the plaintiff . . . and where lesser sanctions would not serve the best interests of justice." *See Jones v. Caddo Parish Sch. Bd.*, 704 F.2d 206, 217 (5th Cir. 1983) (internal citations omitted); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440-41 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders"); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (same); *Est. of Robertson v. Deutsche Bank Nat'l Tr. Co.*, H-21-4085,

2022 WL 3969550 (S.D. Tex., July 26, 2022) (Bray, M.J.) (same). Contumacious, or egregious, conduct can include violations of court orders and abuse of the judicial process. *See Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (finding that plaintiffs' violation of court orders constitutes grounds for dismissal under Rule 41(b)); *Thompson v. United States*, 2:25-cv-00277, 2025 WL 3960918, at *1 (S.D. Tex., Dec. 10, 2025) (dismissing case because "plaintiff is abusing the judicial process [and] is pursuing litigation in bad faith"). "Lesser sanctions" include assessments of fines, costs, or damages against the plaintiffs . . ., conditional dismissal, dismissal without prejudice, and explicit warnings." *See Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013).

Generally, a dismissal for failure to prosecute or failure to comply with a court order is without prejudice. However, a district court may elect to dismiss a plaintiff's claim if one of three aggravating factors exists: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Bivens v. United States*, 3:18-cv-2068-B-BK, 2019 WL 6120133, at *1 (N.D. Tex. Oct. 28, 2019); *see also Nottingham*, 837 F.3d at 441 (articulating standard); *Est. of Robertson*, 2022 WL 3969550, at *3 (same).

## III. DISCUSSION

In the present matter, the refusal of Plaintiffs Milagros Garcia and Giselle Avila to attend the August 26, 2026 hearing in-person justifies dismissal for failure to obey court orders of their Complaint. *See* FED. R. CIV. PROC. 41(b).

Plaintiffs' refusal to attend the evidentiary hearing constitutes contumacious behavior. *See Jones*, 704 F.2d at 217 (finding that dismissal under Rule 41(b) requires that plaintiffs behave

egregiously); *Campbell*, 988 F.3d at 800-01 (finding that violations of court orders constitute contumacious behavior). Plaintiffs had notice that they were required to attend the August 26, 2026 hearing in-person since August 3, 2026. *See* Minute Entry, August 3, 2026. They received further confirmation of this fact on August 12, 2026, when the Court issued an Order stating that the hearing would take place in person. *See* ECF No. 175. Though they received these notices, neither Ms. Garcia nor Ms. Avila raised any concerns related to the nature of the evidentiary hearing until August 25, 2026, at which point they submitted three Motions requesting that the Court move the hearing to Zoom. *See* ECF No. 193; ECF No. 194; ECF No. 195.

The Court's Order on August 25, 2026 stated clearly that the hearing would remain in person and that all parties were expected to attend. ECF No. 196. Nevertheless, both Ms. Garcia and Ms. Avila chose not to attend the hearing. *See* ECF No. 198. Plaintiffs allege that they were unable to attend the hearing because the Court refused to grant them accommodations related to their trauma and safety; however, the Court assured them in its August 25, 2026 Order that a Court Security Officer ("CSO") would be present for the duration of the hearing to ensure Parties' safety. *See* ECF No. 198 at 1 ("Plaintiff Milagros Garcia respectfully notifies the Court that she cannot safely appear in person for the August 26, 2026 evidentiary hearing because of disability- and trauma-related limitations for which she has previously sought and has been granted accommodation."); *but see* ECF No. 196 (explaining a CSO would be present at the hearing).[1]

---

[1] This is not the first time Plaintiffs have directly disobeyed Court orders. The Court ordered Parties to refrain from contacting the case manager over email about issues pertaining to their case during a telephonic hearing on November 17, 2025. On January 22, 2026, the Court issued another Order stating: "Having reviewed Parties' recent email correspondence with Mr. Rivera [the Court's case manager], moving forward, the Court requires both Parties to file any correspondence directly with the Court through ECF." *See* ECF No. 85 at 1. Nevertheless, both Ms. Garcia and Ms. Avila continue to frequently email the Court's case manager. *See* ECF No. 175 (reiterating order that Parties file all correspondence through ECF).

Additionally, lesser sanctions would not serve the interests of justice. *See Jones*, 704 F.2d at 217. Over the course of the past year, the Court has imposed several limitations or sanctions on Ms. Garcia and Ms. Avila. *See, e.g.*, ECF No. 85 (barring Plaintiffs from emailing the Court's case manager); ECF No. 54 (enjoining Plaintiffs' behavior). These limitations constitute explicit warnings to caution them against behaving in a way which is disruptive to the court proceedings. *See Thrasher*, 709 F.3d at 514 (listing explicit warnings as a lesser sanction). In flagrant disregard of these orders, both Ms. Garcia and Ms. Avila have continued to engage in many of the behaviors that the Court sought to limit. *E.g.*, ECF No. 175. For this reason, it is apparent to the Court that lesser sanctions will not be appropriate in this case, as they are unlikely to induce Plaintiffs to comply with court orders.

Further, all three aggravating factors which justify dismissal with prejudice exist. *Nottingham*, 837 F.3d at 441; *Est. of Robertson*, 2022 WL 3969550, at *3. Firstly, the delay that resulted from Plaintiffs' violation of court orders is directly attributable to them. *See Nottingham*, 837 F.3d at 441. "Plaintiff[s] filed this case *pro se*, so dismissing this case with prejudice wouldn't punish an innocent party for an attorney's inaction; the delays in this case are solely attributable to Plaintiff[s] [themselves]." *See Martinez v. Soc. Sec. Admin.*, EP-23-CV-00171-DCG-LS, 2024 WL 1285216, at *5 (W.D. Tex., Mar. 26, 2024); *see also Thrasher*, 709 F.3d at 514 (holding that *pro se* plaintiff's failure to effectuate service was attributable to his own actions).

Secondly, the delay caused actual prejudice to the Defendants. *E.g.*, *Nottingham*, 837 F.3d at 441. Defendants' Motion to Compel, for which arguments were to be heard at the August 26, 2026 hearing, has been pending since December 29, 2025. *See* ECF No. 71. In the eight months since filing, Defendants alleged several instances in which Plaintiffs' alleged violations of the preliminary injunction caused them harm. *See, e.g.*, ECF No. 102 (alleging harm caused by

Plaintiffs' violations of the preliminary injunction); ECF No. 146, Exhibits 1-5 (same); ECF No. 159 (same). Because Plaintiffs were not present during the hearing, the Court declined to hear evidence on the Motion for Contempt *ex parte*, thereby delaying a decision on this matter. *See* Minute Entry, August 26, 2026. Whether or not Plaintiffs have violated the preliminary injunction remains to be determined, but Defendants have been prejudiced regardless, as they are not able to receive a timely ruling on their Motion for Contempt.[2]

Thirdly, the delays were caused by intentional conduct. *See Nottingham*, 837 F.3d at 441. Plaintiffs were fully aware that they were required to attend the hearing in person but made the conscious choice not to. *See* ECF No. 175; ECF No. 196; ECF No. 198.

IV. CONCLUSION

For the reasons stated, the Court is justified in dismissing Plaintiffs' claims for failure to follow court orders with prejudice. Accordingly, the Court **ORDERS** the following:

1. Plaintiffs Milagros Garcia and Giselle Avila's Amended Complaint is **DISMISSED WITH PREJUDICE.**
2. Defendants Motion to Dismiss (ECF No. 152) is **DENIED AS MOOT.**
3. Defendants' counterclaims against Plaintiffs remain active. The Court shall decide these counterclaims (ECF No. 6) and Plaintiffs' Motion for Summary Judgment (ECF No. 179) at a later time.

**IT IS SO ORDERED.**

[2] The Court does not reach the merits of Defendants' Motion for Contempt in this Order. This matter remains pending before the Court.

Signed at Houston, Texas on August 31, 2026.

Keith P. Ellison
United States District Judge