United States District Court
Southern District of Texas
**ENTERED**
November 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MILAGROS GARCIA AND GISELLE AVILA,** *Plaintiffs* | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 4:25-cv-03676** |
| | § | |
| **BAYPORT LABORATORIES,** ***et al. Defendants.*** | § | |

**MEMORANDUM & ORDER**

Pending before the Court are twenty-six motions, twenty of which arise out of the Court's Order of August 31, 2026.[1] ECF No. 200. After Plaintiffs elected not to attend an in-person hearing on August 26, 2026, the Court dismissed Plaintiffs' claims with prejudice for failure to follow court orders *Id.* The Order left Defendants' counterclaims and Parties' other pending Motions open for future consideration. *Id.* at 7, 7 n.2.

Shortly thereafter, Plaintiffs filed three Motions requesting the Court to reconsider or revise its Order. *See* ECF No. 206; ECF No. 207; ECF No. 208. Conversely, Defendants have moved to enter final judgment on the dismissal of Plaintiffs' claims, committing that they will in turn voluntarily dismiss their counterclaims. ECF No. 228. In addition, Parties have filed numerous motions addressing ongoing issues involving the Preliminary Injunction (ECF No. 71; ECF No.

[1] For a fuller recitation of the facts, including those which led to the Court's dismissal of Plaintiffs' claims, *see* ECF No. 200 at 2-3.

188), discovery disputes (ECF No. 211; ECF No. 213; ECF No. 217; ECF No. 233; ECF No. 236; ECF No. 37; ECF No. 242; ECF No. 243), and summary judgment (ECF No. 179).

For the reasons discussed in this Order, the Plaintiffs' Motions to Reconsider the August 31, 2026 Order are **DENIED.** (ECF No. 206; ECF No. 207; ECF No. 208). Further, Defendants' Motion for Entry of Final Judgment is **GRANTED IN PART**. (ECF No. 228). The Court **ENTERS** final judgment on Plaintiffs' claims against Defendants pursuant to Federal Rule of Civil Procedure 58(a). Accordingly, Defendants' counterclaims are **DISMISSED WITH PREJUDICE** and the preliminary injunction against Plaintiffs is **TERMINATED**. All remaining Motions are **DENIED AS MOOT**.

## I. PLAINTIFFS' MOTIONS FOR RECONSIDERATION (ECF NO. 206; ECF NO. 207; ECF NO. 208)

Plaintiff Giselle Avila and Plaintiff Milagros Garcia have filed independent motions for the Court to reconsider or alter its Order from August 31, 2026, which dismissed Plaintiffs' claims with prejudice. *See* ECF No. 206; ECF No. 207; ECF No. 208.[2] Plaintiff Avila challenges the final dismissal of Count V of her complaint, or alternatively, requests that the Court alter its dismissal to be without prejudice. ECF No. 206 at 1. Similarly, Plaintiff Garcia requests that the Court reinstate Counts I through IV of the Final Amended Complaint. ECF No. 208 at 1. For the reasons that follow, all three Motions are **DENIED**.

Although the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, the Fifth Circuit "has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b)." *S. Snow Mfg.*

[2] Though Plaintiffs use different names for these Motions, the Court treats them each as Motions for Reconsideration for the sake of the ensuing analysis.

*Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564 (E.D. La. 2013). "[M]otions for reconsideration under Rule 54, like those under Rule 59, 'serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Fonda v. Retting*, No. 4:22-CV-00501, 2022 WL 3703181, at *1 (S.D. Tex. Feb. 28, 2022) (Ellison, J.). "[T]his broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *SnoWizard*, 921 F. Supp. 2d at 564–65. "Classic reasons for granting reconsideration include: '(1) the judgment is based upon a manifest error of fact or law; (2) newly discovered or previously unavailable evidence exists; (3) manifest injustice would otherwise result; (4) there has been serious misconduct by counsel; and (5) an intervening change in controlling law alters the appropriate outcome.'" *Fonda*, 2022 WL 3703181, at *1 (quoting *Livingston Downs Racing Ass'n Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475–76 (M.D. La. 2002)). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).

Neither Plaintiff Avila, nor Plaintiff Garcia, present any manifest errors or changes in law or fact; instead, they seek to relitigate the Court's interpretation of Federal Rule of Civil Procedure 41(b). *See Fonda*, 2022 WL 3703181, at *1; ECF No. 206 at 9-10 (reapplying test for dismissal with prejudice). Plaintiff Avila characterizes her refusal to attend the August 26, 2026 hearing as a "one-time" instance of noncompliance. ECF No. 206 at 10. Similarly, Plaintiff Garcia states that "one nonappearance, explained in advance, is not a clear record of delay or contumacious conduct." ECF No. 208 at 15. This runs contrary to the Court's findings on August 31, 2026, which identified several instances of noncompliance with court orders over the last year. *See* ECF No. 200 at 5, 5 n.1. Plaintiffs essentially make conclusory assertions about their noncompliance, rather

than demonstrating that the Court made "a manifest error of law or fact." *Fonda*, 2022 WL 3703181, at *1.

Both Plaintiffs contend that the Court misinterpreted the law by concluding that lesser sanctions would not serve the best interests of justice. *See* ECF No. 206 at 11; ECF No. 208 at 15. Plaintiffs argue that the Court's Order on August 25, 2026, which required that Parties attend in-person, did not serve as a sufficient warning that a failure to comply with court orders would result in dismissal. *Id.* (citing *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 443-43 (5th Cir. 2016) (describing dismissal for failure to follow court orders after parties failed to heed explicit warning)). In doing so, Plaintiffs read a requirement for an explicit warning into Rule 41(b) that does not exist.

Rule 41(b) allows courts to dismiss a case for failure to comply with court orders *sua sponte* "where lesser sanctions would not serve the best interests of justice." *Jones v. Caddo Parish Sch. Bd.*, 704 F.2d 206, 217 (5th Cir. 1983) (internal citations omitted). After examining the entire record in this case, the Court considered the totality of Plaintiffs' recurring disregard for orders to indicate that lesser sanctions would not curtail their behavior. ECF No. 200 at 6. The behavior the Court seeks to curtail did not start with Plaintiffs' refusal to attend the August 26, 2026 hearing. Rather, the Court sanctions months of misbehavior which demonstrates a "stubborn resistance to authority." *See McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988); *John v. State of La.*, 828 F.2d 1129, 1132 (5th Cir. 1987) (describing stubborn resistance to authority which necessitates dismissal with prejudice); ECF No. 200 at 6 (finding that lesser sanctions would not serve the interests of justice because Garcia and Avila repeatedly refused to follow Court orders despite several written and oral reprimands). It is hard to imagine a case which more clearly demonstrates such a resistance to authority than the one at bar.

For instance, both Plaintiffs have threatened on several occasions that they would refuse to attend hearings due to perceived slights committed by Defendants' counsel, Gregory Deans. *See, e.g.*, Exh. A ("I can't attend the [hearing on the] 17th [of November] as the Attorneys are not providing what needs to be provided . . ."); Exh. B ("Also my mother will not attend another hearing if Greg Deans is counsel."). Although the Court exercised reasonable discretion in setting hearings in a manner that balanced Parties' urgent needs with other pressing matters on the docket, Plaintiffs continuously criticized officers of the Court for rescheduling hearings, not responding to their many requests quickly enough, or refusing to chastise Defendants for whatever Plaintiffs accuse them. *See, e.g.*, Exh. A (criticizing Court for rescheduling hearing); Exh. C (same); Exh. D ("[I]f anything occurs to any of us, it's because of the court and their decisions."); Exh. H (attacking court reporter for delays in providing transcripts for the hearings Plaintiffs refused to attend).

Further, the Court has ordered Plaintiffs time and time again to refrain from contacting the Case Manager through email. *E.g.*, ECF No. 86; Minute Entry, November 17, 2025. Though the Court has orally reprimanded, emailed, and issued written orders to this effect, Plaintiffs continue to flood the case manager's inbox with near-incoherent rants and complaints about the status of their case. *See, e.g.*, Exh. C; Exh. D; Exh. E; Exh. F; Exh. G; Exh. I.

Finally, Plaintiffs have shown a troubling habit of accusing Defendants and their counsel of emotional, psychological, and sexual harassment, without providing an iota of proof that such abuse occurred. For example, without providing any copies of a police report, Plaintiffs have repeatedly stated that there are active federal and state investigations into opposing counsel, Gregory Deans. *See, e.g.*, Exh. A; Exh. C; Exh. D.; Exh. G. Plaintiffs have willfully interpreted normal occurrences of litigation, such as reviewing medical records, requesting discovery

materials, and sending third-party subpoenas as threats to their safety. Exh. A; Exh. C; Exh. D.; Exh. G; Exh. I. As both Plaintiffs have experienced difficult financial, health, and emotional circumstances, they continue to blame Defendants and officers of the court for all their problems without any evidence. *See* Exh. A; Exh. C; Exh. D; Exh. G; Exh. H; Exh. I.

Perhaps most troubling, Plaintiffs have repeatedly accused Mr. Deans of creating and disseminating AI-generated and pornographic "deepfake" images which depict Giselle Avila in compromising positions. *See* Exh. C; Exh. G; Exh. I. In an email to all Defendants and the Court's Case Manager, Plaintiffs even sent pornographic photos of Ms. Avila. Exh. I. There, Plaintiff Avila stated that she intends to "file this under seal with the court" and "post this to the public." *Id.* Sharing such disturbing images with the Court and hurling unfounded accusations at Defendants' counsel distracts from the actual issues relevant to the litigation and undermines the sanctity of the judicial process.[3]

These occurrences, among so many others, indicate that Plaintiffs are unwilling to comply with lesser sanctions. Accordingly, the Court does not view it necessary to exercise its discretion to reopen consideration of Plaintiffs' claims. Plaintiffs' Motions for Reconsideration (ECF No. 206, ECF No. 207, and ECF No. 208) are hereby **DENIED.**

---

[3] The Court does not dispute that, if it occurred, the dissemination of Ms. Avila's personal photos without her consent is horrific. However, Plaintiffs have not provided any evidence which indicates that Mr. Deans, or anyone else for that matter, has engaged in such despicable behavior. Rather than exploring independent legal remedies for this wrong, Plaintiffs have misappropriated judicial resources in what originally started as a whistleblower lawsuit to air out grievances of unproven sexual harassment. Even if Plaintiffs have been wronged in this way, they have acted highly inappropriately by attempting to coopt unrelated legal proceedings to fight over this issue.

## II. DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(B) ON PLAINTIFFS' CLAIMS AND FOR CONDITIONAL DISMISSAL OF THEIR COUNTERCLAIMS (ECF NO. 226)

Because the Court has denied Plaintiffs' Motions to Reconsider its ruling in ECF No. 200, it is appropriate to consider Defendants' Motion for Entry of Final Judgment Under Rule 54(b) on Plaintiffs' Claims and for Conditional Dismissal of Their Counterclaims. ECF No. 226.

Defendants Bayport Laboratories and Yaumara Camacho jointly move for the entry of final judgment on Plaintiffs' claims. ECF No. 228. Upon entry of final judgment, Defendants further request that the Court dismiss their counterclaims, dismiss as moot Plaintiff Milagros Garcia's Motion for Summary Judgment on Defendants' Counterclaims (ECF No. 205) and Renewed Motion to Dissolve Preliminary Injunction (ECF No. 188), and dissolve the preliminary injunction. For the reasons that follow, the Motion is **GRANTED IN PART.**

First, Rule 54(b) authorizes the Court, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved," to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). Having denied Plaintiffs' Motions for Reconsideration, the Court determines that there is no reason to delay further the entry of final judgment on their claims. Pursuant to Federal Rule of Civil Procedure 58(a), final judgment on Plaintiffs' claims is hereby **ENTERED** for Defendants Bayport Laboratories and Yaumara Camacho.

Second, Rule 41(a)(2) provides that, except where a party may dismiss as of right, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and it applies equally to the dismissal of a counterclaim. FED. R. CIV. P. 41(a)(2), (c). Here, Defendants request "a dismissal of Bayport's counterclaims *without prejudice* that

becomes effective only upon the entry of the . . . final judgment on the Plaintiffs' claims." ECF No. 228 at 6 (emphasis added). Because the Court enters final judgment on Plaintiffs' claims in the present order, it is unnecessary to condition dismissal of Defendants' counterclaims on this occurrence. Therefore, Defendants' counterclaims are hereby **DISMISSED WITH PREJUDICE**. As such, Plaintiff Milagros Garcia's Motion for Summary Judgment on Defendants' Counterclaims (ECF No. 179) is also **DENIED AS MOOT.**

Third, The Preliminary Injunction entered December 10, 2025 (ECF No. 54) is **TERMINATED**, effective upon entry of this Order. This termination is based on the disposition of this action and not on any reconsideration of the merits of the injunction. Nothing in this Order vacates, rescinds, reconsiders, or otherwise disturbs the Court's findings or rulings supporting issuance of the Preliminary Injunction or its force and effect during the period in which it remained operative. Accordingly, Plaintiff Milagros Garcia's Renewed Motion to Dissolve the Preliminary Injunction is **DENIED AS MOOT**. The Court **FINDS** no party has been wrongfully enjoined or restrained within the meaning of Federal Rule of Civil Procedure 65(c). The $500 security posted by Defendants is **EXONERATED**, and the Clerk is **DIRECTED** to return it to Bayport Laboratories and Yaumara Camacho.

Having dismissed both Plaintiffs' claims and Defendants' counterclaims, all remaining pending Motions (ECF No. 71; ECF No. 211; ECF No. 213; ECF No. 217; ECF No. 233; ECF No. 236; ECF No. 237; ECF No. 242; ECF No. 243) are **DENIED AS MOOT**.

## III. CONCLUSION

This case has been characterized by ad hominem attacks against Defendants and their counsel, including unfounded accusations of harassment and abuse. It is not only inappropriate,

but unethical to commandeer the federal courts to launch petty investigations into unoffending adversaries. Although the Court acknowledges and has sympathy for the financial and personal challenges that Plaintiffs face, *e.g.*, ECF No. 254, it would be unjust and a waste of judicial resources to allow Plaintiffs to continue to harass both their adversaries and officers of the Court.

For this reason, as well as those described in the above order, Plaintiffs' Motions to Reconsider (ECF No. 206; ECF No. 207; ECF No. 208) are **DENIED** and Defendants' Motion for Entry of Final Judgment on Plaintiffs' Claims (ECF No. 228) is **GRANTED IN PART.** Final Judgment is hereby **ENTERED** on Plaintiffs' claims for Defendant. Further, Defendants' counterclaims are **DISMISSED WITH PREJUDICE**. All other pending Motions are **DENIED AS MOOT**.

It is **SO ORDERED.**

Signed at Houston, Texas on November 16, 2026.

Keith P. Ellison
United States District Judge